UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :
                                    :
        -v.-                        :          **INDICTMENT**
                                    :
DAVON YOUNG,                        :          S2 09 Cr. 274  (CS)
        a/k/a "Burners,"            :
THOMAS CHAMBLISS,                   :
        a/k/a "TC", and             :
GREGORY FULLER,                     :
        a/k/a "Murder,"             :
        a/k/a "Julio,"              :
                                    :
            Defendants.             :

- - - - - - - - - - - - - - - - - - -x

**COUNT ONE**

The Grand Jury charges:

        1.    From at least in or about 2002 up to and including
in or about January 2008, in the Southern District of New York
and elsewhere, DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS,
a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio,"
the defendants, and others known and unknown, unlawfully,
intentionally, and knowingly did combine, conspire, confederate,
and agree together and with each other to violate the narcotics
laws of the United States.

        2.    It was a part and an object of the conspiracy that
DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS, a/k/a "TC," and
GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants,
and others known and unknown, would and did distribute and
possess with intent to distribute a controlled substance, in
violation of Title 21, United States Code, Section 841(a)(1).

3.   The controlled substance involved in the offense was 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

<u>OVERT ACTS</u>

4.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a.   On or about October 17, 2002, GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendant, possessed a bag containing crack cocaine in the vicinity of Linden Street and Elm Street in Yonkers, New York.

b.   In or about June 2005, THOMAS CHAMBLISS, a/k/a "TC," the defendant, possessed bags of crack cocaine in the vicinity of Elm Street, Yonkers, New York.

c.   On or about July 13, 2005, DAVON YOUNG, a/k/a "Burners," the defendant, possessed five bags of crack cocaine in the vicinity of Oak Street and Poplar Street in Yonkers, New York.

d.   On or about March 25, 2006, DAVON YOUNG, a/k/a "Burners," the defendant, possessed a loaded .22 caliber H&R pistol in the vicinity of 202 Elm Street, Yonkers, New York, while engaging in the sale of crack cocaine to a drug user.

e.    In or about 2007, THOMAS CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, sold crack cocaine to drug users in the vicinity of Elm Street, Yonkers, New York.

(Title 21, United States Code, Section 846.)

### COUNT TWO

The Grand Jury further charges:

5.    From at least in or about 2002 up to and including in or about January 2008, in the Southern District of New York, DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which firearms were discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii) and 2.)

### COUNT THREE

The Grand Jury further charges:

6.    From at least in or about 2007, up to and including in or about January 2008, in the Southern District of New York, DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS, a/k/a

-3-

"TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, YOUNG, FULLER, and CHAMBLISS, and others known and unknown, conspired to commit robberies of individuals they believed to be in possession of narcotics and narcotics proceeds.

<u>Overt Acts</u>

7.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a.    On or about January 4, 2008, DAVON YOUNG, a/k/a "Burners," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, stole approximately $600 from a suspected narcotics dealer in the vicinity of 16 Orchard Place, Yonkers, New York, during which robbery YOUNG brandished a shotgun.

b.    On or about January 14, 2008, GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," and THOMAS CHAMBLISS, a/k/a "TC,"

-4-

the defendants, and others known and unknown, stole jewelry and cash from an individual they believed to be a narcotics dealer in the vicinity of 34 Prospect Street, Yonkers, New York, during which robbery a co-conspirator not named as a defendant herein possessed a firearm.

c.   On or about January 14, 2008, DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, robbed a victim of cocaine in the vicinity of 177 Helena Avenue, Yonkers, New York, during which robbery the victim was shot and killed.

(Title 18, United States Code, Section 1951.)

### COUNT FOUR

The Grand Jury further charges:

8.   From at least in or about 2007 up to and including in or about January 2008, in the Southern District of New York, DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery conspiracy charged in Count Three of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which

-5-

firearms were discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT FIVE

The Grand Jury further charges:

9.   On or about January 4, 2008, in the Southern
District of New York, DAVON YOUNG, a/k/a "Burners," and GREGORY
FULLER, a/k/a "Murder," a/k/a "Julio," the defendants,
unlawfully, willfully, and knowingly did commit robbery, as that
term is defined in Title 18, United States Code, Section
1951(b)(1), and did thereby obstruct, delay, and affect commerce
and the movement of articles and commodities in commerce, as that
term is defined in Title 18, United States Code, Section
1951(b)(3), to wit, YOUNG and FULLER stole approximately $600
from a suspected narcotics dealer in the vicinity of 16 Orchard
Place, Yonkers, New York, during which robbery YOUNG brandished a
shotgun.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIX

The Grand Jury further charges:

10.   On or about January 4, 2008, in the Southern
District of New York, DAVON YOUNG, a/k/a "Burners," and GREGORY
FULLER, a/k/a "Murder," a/k/a "Julio," the defendants,
unlawfully, willfully, and knowingly, during and in relation to a
crime of violence for which they may be prosecuted in a court of

-6-

the United States, namely, the robbery charged in Count Five of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT SEVEN

The Grand Jury further charges:

11.  On or about January 14, 2008, in the Southern District of New York, GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," and THOMAS CHAMBLISS, a/k/a "TC," the defendants, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CHAMBLISS and an individual not named as a defendant herein held a victim at gunpoint, and then stole jewelry and United States currency from the victim, whom CHAMBLISS and FULLER believed to be a narcotics dealer, in the vicinity of 34 Prospect Street, Yonkers, New York.

(Title 18, United States Code, Sections 1951 and 2.)

-7-

## COUNT EIGHT

The Grand Jury further charges:

12.  On or about January 14, 2008, in the Southern District of New York, GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," and THOMAS CHAMBLISS, a/k/a "TC," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Seven of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT NINE

The Grand Jury further charges:

13.  On or about January 14, 2008, in the Southern District of New York, DAVON YOUNG, a/k/a "Burners," THOMAS CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, YOUNG, CHAMBLISS, and FULLER

-8-

robbed Tyrone Bergmann of cocaine in the vicinity of 177 Helena
Avenue in Yonkers, New York, during which robbery the victim was
shot and killed.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TEN

The Grand Jury further charges:

14.  On or about January 14, 2008, in the Southern
District of New York, DAVON YOUNG, a/k/a "Burners," THOMAS
CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a
"Julio," the defendants, unlawfully, willfully, and knowingly,
during and in relation to a crime of violence for which they may
be prosecuted in a court of the United States, namely, the
robbery charged in Count Nine of this Indictment, did use and
carry firearms, and, in furtherance of such crime, did possess
firearms, and did aid and abet the use, carrying, and possession
of firearms, one of which was discharged during the robbery.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT ELEVEN

The Grand Jury further charges:

15.  On or about January 14, 2008, in the Southern
District of New York, DAVON YOUNG, a/k/a "Burners," THOMAS
CHAMBLISS, a/k/a "TC," and GREGORY FULLER, a/k/a "Murder," a/k/a
"Julio," the defendants, unlawfully, willfully, and knowingly,
during and in relation to a crime of violence for which they may

-9-

be prosecuted in a court of the United States, namely, the robbery of Tyrone Bergmann outside of 177 Helena Avenue in Yonkers, New York, charged in Count Nine of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, to wit, YOUNG, CHAMBLISS, and FULLER caused the death of Tyrone Bergmann, by discharging and aiding and abetting the discharge of a firearm at Bergmann.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT TWELVE

The Grand Jury further charges:

16.  On or about January 14, 2008, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count One of this Indictment, DAVON YOUNG, a/k/a "Burners," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendants, unlawfully, intentionally, and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Tyrone Bergmann and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2.)

-10-

## COUNT THIRTEEN

The Grand Jury further charges:

17.   In or about January 2008, in the Southern District of New York, DAVON YOUNG, a/k/a "Burners," the defendant, unlawfully, willfully and knowingly did attempt to intimidate, threaten, and corruptly persuade another person, with intent to influence and prevent the testimony of a person in an official proceeding, and cause and induce a person to withhold testimony from an official proceeding, to wit, YOUNG made threatening statements during a telephone conversation with an individual ("Individual-1") who had information about the murder of Tyrone Bergmann to influence or prevent Individual-1's testimony in the instant proceeding.

(Title 18, United States Code, Sections 1512(b)(1) and (b)(2).)

## COUNT FOURTEEN

The Grand Jury further charges:

18.   In or about January 2008, in the Southern District of New York, THOMAS CHAMBLISS, a/k/a "TC," the defendant, unlawfully, willfully and knowingly did attempt to intimidate, threaten, and corruptly persuade another person, with intent to influence and prevent the testimony of a person in an official proceeding, and cause and induce a person to withhold testimony from an official proceeding, to wit, CHAMBLISS made threatening

-11-

statements during a telephone conversation with Individual-1 to influence or prevent Individual-1's testimony in the instant proceeding.

(Title 18, United States Code, Sections 1512(b)(1) and (b)(2).)

## COUNT FIFTEEN

The Grand Jury further charges:

19.  On or about January 14, 2008, in the Southern District of New York, DAVON YOUNG, a/k/a "Burners," the defendant, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, unlawfully and knowingly did possess in and affecting commerce a firearm, to wit, a .32 caliber Smith & Wesson revolver, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

## COUNT SIXTEEN

The Grand Jury further charges:

20.  On or about January 14, 2008, in the Southern District of New York, GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the defendant, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, unlawfully and knowingly did possess in and affecting commerce firearms, to wit, (i) a .32 caliber Smith & Wesson revolver, and (ii) a 9mm Hi-Point semi-automatic handgun, both of which previously had been shipped and transported in interstate and

-12-

foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

FORFEITURE ALLEGATION AS TO COUNTS ONE, THREE, FIVE, SEVEN, AND
NINE

      21.   As a result of committing the controlled substance
offense alleged in Count One of this Indictment, DAVON YOUNG,
a/k/a "Burner," THOMAS CHAMBLISS, a/k/a "TC," and GREGORY FULLER,
a/k/a "Murder," a/k/a "Julio," the defendants, shall forfeit to
the United States, pursuant to 21 U.S.C. § 853, any and all
property constituting or derived from any proceeds said
defendants obtained directly or indirectly as a result of the
violation and any and all property used or intended to be used in
any manner or part to commit and to facilitate the commission of
the violation alleged in Count One of this Indictment, including
but not limited to a sum in United States currency representing
the amount of proceeds obtained as a result of the offense.

      22.   As the result of committing one or more of the
offenses in violation of Title 18, United States Code, Section
1951, alleged in Counts Three, Five, Seven, and Nine of this
Indictment, DAVON YOUNG, a/k/a "Burner," THOMAS CHAMBLISS, a/k/a
"TC," and GREGORY FULLER, a/k/a "Murder," a/k/a "Julio," the
defendants, shall forfeit to the United States, pursuant to 18
U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real
and personal, that constitutes or is derived from proceeds
traceable to the commission of the offenses, including but not

limited to a sum in United States currency representing the

amount of proceeds obtained as a result of the offenses.

<u>Substitute Assets Provision</u>

23.   If any of the property described above as being

subject to forfeiture, as a result of any act or omission of the

defendants:

   (a)   cannot be located upon the exercise of due
         diligence;

   (b)   has been transferred or sold to, or deposited
         with, a third party;

   (c)   has been placed beyond the jurisdiction of
         the court;

   (d)   has been substantially diminished in value;
         or

   (e)   has been commingled with other property which
         cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the above

forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

-14-