UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                           ORDER

GREGORY FULLER,                       09-CR-274-03 (CS)

                 Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Gregory Fuller's motion for reduction of sentence under

18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 168), and the

Government's opposition thereto, (Doc. 170).  Also before the Court is Defendant Fuller's

motion "to modify sentence pursuant to the First Step Act."  (Doc. 171.)

      Defendant was arrested on March 30, 2009 and detained.  On September 29, 2011, he

was sentenced principally to 100 years' imprisonment, (Doc. 97), which was the mandatory

minimum he faced.  His Sentencing Guidelines range was life.  (Presentence Report ("PSR")

¶ 141.)  Defendant has served approximately eleven-and-a-half years.  His release date,

according to the Bureau of Prisons website, is July 4, 2093.

      To take the second motion first, Defendant argues that under the First Step Act, Congress

reduced the mandatory minimum sentence applicable to his conviction for crack conspiracy

under 21 U.S.C. §§ 846, 841(b)(1)(A).  Before trial the Government filed a prior felony

information ("PFI") under 21 U.S.C. § 851, which had the effect of doubling the mandatory

minimum from ten years to twenty.  In the First Step Act, Congress reduced the increase, so that

the PFI would increase the mandatory minimum from ten years to fifteen.  Pub. L. 115-391,

§ 401(a)(1), 132 Stat. 5194, 5220 (2018).  But the change was not retroactive.  *Id.* § 401(c), 132

Stat. at 5221.  The First Step Act itself thus gives Defendant no procedural pathway for a reduction.  Nor does 18 U.S.C. § 3582(c)(2), which relates to modifications based on a Sentencing Guidelines range that has been reduced, not a mandatory minimum that has been reduced.  And 28 U.S.C. § 2255(h) also precludes a reduction because the matter does not involve a new rule of constitutional law made retroactive by the Supreme Court.  Congress's decision not to make the change retroactive means that I must deny the motion for modification of sentence under the First Step Act.  But I will consider, in connection with Defendant's motion under § 3582(c)(1)(A), that if Defendant were sentenced today, his mandatory minimum would be lower.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary

Defendant raises two arguments in favor of a sentence reduction.  One is that the risk posed by the corona virus to those in prison constitutes an extraordinary and compelling reason. "[P]ointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)—rather, a defendant must show a genuine need based in medical fact for a reduction in that specific defendant's sentence."  *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Knight*, No. 10-CR-128S, 2020 WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction . . . ."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).  Defendant is a healthy young man who is not at elevated risk.[2]  Defendant also argues that he is rehabilitated, is not a threat, and has

---

and compelling reason other than, or in combination with, the [other three reasons]."  But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2]Defendant claims that he suffers from moderate-to-severe asthma.  (Doc. 168 at 14.) Asthma is not among those conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk.  The CDC has indicated that moderate-to-severe asthma *might* be a risk factor, but there is no indication that Defendant's asthma is moderate-to-severe. His BOP health records indicate that Defendant's asthma is, by his own description, mild and intermittent, and controlled by an inhaler Defendant uses as needed.  (Doc. 170 Ex. 2.)  The

taken classes in prison.  Defendant's disciplinary record – which includes two tickets in 2019, one for smuggling Suboxone into the prison and the other for disruptive conduct – does not inspire confidence.  In any event, these factors – assuming them all to be true, which is dubious – are not uncommon.  They do not, whether singly or in combination, rise to the level of extraordinary or compelling circumstances.

Defendant's other argument is that if he were sentenced today, his convictions under 18 U.S.C. § 924(c) or (j) for using a firearm in connection with a crime of violence or drug trafficking crime would not be "stacked," because the First Step Act changed how multiple § 924(c) convictions were treated.  At the time of sentencing, § 924(c)(1)(C) provided for a twenty-five-year consecutive sentence for second and subsequent § 924(c) convictions, so in Defendant's case he was sentenced to 20 years for his drug conviction, 5 consecutive years for his first § 924(c) conviction, and 25 consecutive years for each of his next three § 924(c) convictions, for a total of 100 years.  (Doc. 97.)  The First Step Act clarified, however, that the twenty-five years for subsequent convictions applies only if the first conviction was already final at the time of the subsequent conviction.  *See* Pub. L. 115-391, § 403(a), 132 Stat 5194, 5221-22 (2018).  That would mean that Defendant's three subsequent § 924(c) convictions – all part of the same case – would not have carried twenty-five years, but rather five years (if the gun were used/carried/possessed), seven years (if the gun were brandished) or ten years (if the gun were discharged).  *See* 18 U.S.C. § 924(c)(1)(A)(i)-(iii).  He thus would have faced a substantially lower mandatory minimum sentence.  Congress chose not to make the provision retroactive, *see id.* § 403(b), 132 Stat. at 5222, but I will assume I can consider it in analyzing extraordinary and

---

Court will file the health records under seal.

compelling circumstances.  *See United States v. Saleh*, No. 93-CR-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (noting that some courts permit "stacking" challenges under § 3582(c)(1)(A) but suggesting that doing so would permit an end run around procedural bars).

It is true that Defendant's narcotics conspiracy conviction and three of his § 924(c) convictions would have had lower mandatory minimum sentences if he were sentenced today. But that does not mean he would have received a lower sentence.  Defendant's Sentencing Guidelines range was life.  I made clear at the time of sentencing that the sentence would have been life had there not been a mandatory minimum of 100 years.  (Doc. 131 ("Sent. Tr.") at 159, 164-65), and I reiterated the same in connection with Defendant's petition under 28 U.S.C. § 2255, (Doc. 134 at 13 n.10).

The § 3553(a) factors continue to militate in favor of that sentence.  Defendant was a leader of a violent gang.  He was responsible for the distribution of an enormous amount of crack: more than 2.8 kilograms.  (PSR ¶ 51.)  He committed numerous acts of violence, including pistol-whipping and beating a crack addict's son, (*id.* ¶ 31), robbing a drug dealer's family at gunpoint, (*id.* ¶ 33), robbing another drug dealer at gunpoint, (*id.* ¶ 34), and robbing yet another drug dealer, where, predictably, gunfire ensued, resulting in Defendant getting shot and the dealer getting killed, (*id.* ¶ 36-39).  Defendant had prior convictions for robbery, criminal sale of a controlled substance, and attempted assault and attempted criminal possession of a loaded firearm; had violated probation; and was on probation during the instant offense.  (*Id.* ¶ 101-09.)  Defendant lied in an affidavit in support of a motion to suppress, and lied on the stand at trial.  Defendant has not provided evidence of his classwork in prison but I assume he has taken courses to improve himself, which is commendable, and he was certainly failed by the adults in his life when he was a child.  But to reduce his sentence to something less than life or

5

its functional equivalent would undermine several of the purposes of sentencing.  It would not sufficiently address the seriousness of the offenses, including the loss of life Defendant inflicted and the harm he did to his community through his extensive drug dealing and repeated acts of violence.  It would not be just punishment and would introduce unwarranted sentencing disparities.  While Defendant's co-defendants got shorter sentences, he was found guilty of more violence; he lied on the stand; and he was a leader of the gang.  It would reduce the deterrent effect of the sentence and undermine respect for the law, particularly given Defendant's efforts to obstruct justice in his case.  In short, assuming for the sake of argument that the change in the law presents an extraordinary and compelling reason (either alone or combined with the pandemic), the § 3553(a) factors would have led me to impose life – a functionally equivalent sentence – anyway, and lead me to deny the motion now.

For the reasons stated above, the motions are denied.  The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 168 and 171), and send a copy of this Order to Defendant Gregory Fuller, No.85145-054, USP Coleman I, U.S. Penitentiary, P.O. Box 1033, Coleman, FL 33521.

Dated: October 1, 2020
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.