UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

- v. -

GREGORY FULLER,

Defendant.
-----------------------------------------------------------x

**ORDER**

No. 09-CR-274-03 (CS)

Seibel, J.

Before the Court is Defendant Gregory Fuller's motion for reduction of sentence, (ECF No. 244 (the "Motion")). I construe it as falling under 18 U.S.C. § 3582(c)(2) to the extent it relies on amendments to the Sentencing Guidelines and under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," to the extent it relies on other factors. The Government has opposed, (ECF No. 250 ("Opp.")), and Defendant has eschewed his opportunity to reply, (*see* ECF No. 252). Defendant was arrested on March 30, 2009 and detained. On September 29, 2011, he was sentenced principally to 100 years' imprisonment, (ECF No. 97), which was the mandatory minimum he faced. His Sentencing Guidelines range was life. (Presentence Report ("PSR") ¶ 141.) Defendant has served approximately seventeen-and-a-half years.

I. Legal Standards

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United*

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).[2]

Section 3582(c) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "A court must first determine that a reduction is consistent with

---

[1] I agree with the Court in *Feliz* that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. Unless otherwise indicated, all case quotations in this Order omit internal citations, quotation marks, footnotes and alterations. The Court will send Defendant copies of any unreported cases cited in this Order.

[2] A defendant may bring a motion under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government does not oppose on grounds of exhaustion. (Opp. at 9 n.8.)

[U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under § 1B1.10(b)(1), the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced," substituting "only the amendments listed in subsection (d)" of § 1B1.10.

> A reduction in the defendant's term of imprisonment is not consistent with [§ 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. 1B1.10(a)(2).

II. Discussion

Defendant styles his first application as an "Amendment 829 motion," which according to him is a "newly enacted retroactive federal law" that prohibits including in the Sentencing Guidelines calculation prior convictions from before age twenty-five, if the instant offense was committed when the offender was twenty-six or older. (Motion at 2.)[3] Amendment 829 said no such thing. It expanded U.S.S.G. § 5H1.1, which addressed the relevance of age in considering a downward departure from the Guidelines range. Based on "evolving science and data surrounding youthful individuals, including recognition of the age-crime curve and that cognitive changes lasting into the mid-20s affect individual behavior and culpability," the amended version of § 5H1.1 explicitly stated that a defendant's youth at the time of the offense or prior offenses may warrant a downward departure. U.S.S.G., app. C, amend. 829 (effective Nov. 1, 2024). But

[3] Citations to the Motion use the page numbers generated by the Court's Electronic Case Filing system.

"Amendment 829 was superseded by Amendment 836, which deleted the age-related downward departure policy statement of § 5H1.1," *United States v. Vassell*, No. 12-CR-626, 2026 WL 1028263, at *4 (S.D.N.Y. Apr. 16, 2026), and even if it had not been, it was not listed in U.S.S.G. § 1B1.10(d) and was therefore not retroactive, *see, e.g.*, *id.*; *United States v. Hall*, No. 18-CR-239, 2026 WL 2676665, at *3 (E.D.N.Y. Sept. 11, 2026). It therefore cannot support a reduction under § 3582(c). I will consider Defendant's age in connection with his motion under § 3581(c)(1)(A).

Defendant next moves for a reduction based on Amendment 821, which (for defendants with fewer than seven criminal history points) eliminated the enhancement for committing the offense while serving a sentence or under supervision for a previous conviction, and was made retroactive. *See United States v. Laurent*, No. 11-CR-303, 2024 WL 4424393, at *3 (E.D.N.Y. Oct. 4, 2024). That amendment does not aid Defendant. As previously explained:

> [Defendant] did get two criminal history points for committing the instant offenses while under a criminal justice sentence, but if one subtracts those two criminal history points, he would be in criminal history category II rather than III, and at offense level 46, his Guidelines range is life either way. A reduction is not permitted under 18 USC 3582(c)(2) unless the amendment has the effect of reducing the defendant's range. USSG 1B1.10(2)(B).

(ECF No. 236.)

Next, Defendant makes what he calls a "motion to modify," (Motion at 4), based on the provision of the First Step Act that eliminated "§ 924(c)'s 25-year stacking requirement for first-time offenders: A 25-year consecutive sentence is now required only for a 'violation that occurs after a prior conviction under this subsection has become final.'" *Rutherford v. United States*, 608 U.S. 454, 459 (2026) (quoting First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222)). But the change was not retroactive, and it provides no freestanding basis for a reduction. As previously explained:

> The First Step Act itself [because it is not retroactive] gives Defendant no procedural pathway for a reduction. Nor does 18 U.S.C. § 3582(c)(2), which relates to modifications based on a Sentencing Guidelines range that has been reduced, not a mandatory minimum that has been reduced. And 28 U.S.C. § 2255(h) also precludes a reduction because the matter does not involve a new rule of constitutional law made retroactive by the Supreme Court. Congress's decision not to make the change retroactive means that I must deny the motion for modification of sentence under the First Step Act.

(ECF No. 173 at 2.)

Finally, Defendant argues that his sentence should be reduced pursuant to § 3582(c)(1)(A) based on his youth at the time of the offenses, his tragic childhood, the disparity between his sentence and those of others, and his rehabilitation. (*See* Motion at 10-16.)

I was well aware of Defendant's age and childhood hardships, of which there were many, at the time of sentencing, and considered those factors. (*See* ECF No. 131 ("Sent. Tr.") at 152:1-153:13, 155:11-157:14.) *See Fernandez v. United States*, 608 U.S. 411, 431 (2026) (Sotomayor, J., concurring) ("A motion for compassionate release cannot justify a reduced sentence if it relies solely on facts a court already considered in imposing the initial sentence, rather than any changed circumstances that developed after sentencing."); *United States v. Geraldo*, No. 11-CR-1032, 2026 WL 1329412, at *5 (S.D.N.Y. May 13, 2026) (factors "fully considered at the time of sentencing . . . do not support a reduction of sentence, let alone qualify as extraordinary and compelling reasons for such relief"). In any event, while Defendant's upbringing and his age at the time of the offenses (twenty-two at the time of arrest) are mitigating, they do not rise to the level of extraordinary and compelling circumstances justifying a reduction in this case. *See United States v. Green*, No. 17-CR-506, 2025 WL 3470099, at *3 (S.D.N.Y. Dec. 3, 2025) ("While courts may consider youth-related characteristics under § 1B1.13, youth alone – even substantial youth – is insufficient to meet the 'extraordinary and compelling' standard, particularly where it was accounted for at sentencing.") (collecting cases); *United States v.*

*Rosario*, No. 96-CR-126, 2024 WL 3521851, at *7 (S.D.N.Y. July 24, 2024) ("A common theme among those courts that have allowed reductions on the basis of youth is that the offenses of conviction were 'split-second' and 'hot-headed.'"); *United States v. Brown*, No. 12-CR-103, 2023 WL 4861028, at *4 (W.D.N.Y. July 31, 2023) (difficult upbringing "unfortunately not exceptional or unique in the criminal offender population"), *aff'd sub nom. United States v. Pettway*, No. 23-6940-CR, 2024 WL 4763933 (2d Cir. Nov. 13, 2024) (summary order).

Defendant also argues that the First Step Act's elimination of mandatory "stacking" for multiple § 924(c) convictions, such that his mandatory minimum sentence would be much lower if he were sentenced today, constitutes an extraordinary and compelling circumstance justifying a reduction. (Motion at 11.) The Supreme Court has recently held, however, that Congress's change to § 924(c)'s mandatory penalties cannot serve as an extraordinary and compelling reason for sentence reduction, either alone or in combination with other factors, because that would undermine Congress's decision not to make the change retroactive. *See Rutherford*, 608 U.S. at 465-66. Defendant may intend to rely on U.S.S.G. § 1B1.13(b)(6), which provides that if a defendant has served ten years of an "unusually long sentence," the court may consider a change in the law where it would produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." That Guideline does not aid him, for two reasons. First, it did not survive *Rutherford*'s holding that "sentencing disparities created by nonretroactive amendments track ordinary sentencing practices and are neither an 'extraordinary' nor a 'compelling' reason that warrants a reduction in sentence." *United States v. Zambrano*, No. 20-CR-621, 2026 WL 2444963, at *2 (S.D.N.Y. Aug. 20, 2026). Second, as previously explained:

> It is true that Defendant's narcotics conspiracy conviction and three of his § 924(c) convictions would have had lower mandatory minimum sentences if he

> were sentenced today. But that does not mean he would have received a lower sentence. Defendant's Sentencing Guidelines range was life. I made clear at the time of sentencing that the sentence would have been life had there not been a mandatory minimum of 100 years. (Doc. 131 ("Sent. Tr.") at 159, 164-65), and I reiterated the same in connection with Defendant's petition under 28 U.S.C. § 2255, (Doc. 134 at 13 n.10).

(ECF No. 173 at 5.) Thus, Defendant cannot show a "gross disparity" between the sentence imposed and the sentence he would receive today. Nor does any disparity between Defendant's sentence and those of his co-Defendants rise to the level of extraordinary and compelling. As previously explained, "[w]hile Defendant's co-defendants got shorter sentences, he was found guilty of more violence; he lied on the stand; and he was a leader of the gang." (*Id.* at 6.) Finally, while Defendant presents citations to other cases involving shorter sentences, (*see* Motion at 17-20), it is almost impossible to do an apples-to-apples comparison with other Defendants, and in any event where, as here, the defendant's Guidelines range is life, and the offense involved large-scale drug dealing, gang leadership, murder and other violent crimes, it is hard to see how a sentence that is the functional equivalent of life can reasonably be regarded as so disparate as to be an extraordinary and compelling reason.

Defendant also suggests that he has been rehabilitated. (*See* Motion at 10.) Rehabilitation alone is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. *See* U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). I applaud Defendant for his participation in programming, and while those "efforts at rehabilitating himself are commendable and should continue, they do not alone . . . constitute an extraordinary and compelling reason for compassionate release." *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd sub nom. United States v.*

*Connelly* No. 22-CR-2337, 2023 WL 8446806 (2d Cir. Dec. 6, 2023) (summary order); *see United States v. Mayard*, No. 16-CR-609, 2024 WL 3518568, at *4 (S.D.N.Y. July 24, 2024) ("[A]lthough Defendant is to be commended for his attempts at rehabilitation, such efforts do not constitute extraordinary and compelling circumstances."); *United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions). Defendant also contends that he has "a clean prison disciplinary record for the most part," (Motion at 10), and the Government has not contended otherwise, but good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

In short, the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling. Even if they did, I would still need to reach the 18 U.S.C. § 3553(a) factors, which continue to militate in favor of the sentence imposed. Defendant was a leader of a violent gang. He was responsible for the distribution of an enormous amount of crack: more than 2.8 kilograms. (PSR ¶ 51.) He committed numerous acts of violence, including pistol-whipping and beating a crack addict's son, (*id.* ¶ 31), robbing a drug dealer's family at gunpoint, (*id.* ¶ 33), robbing another drug dealer at gunpoint, (*id.* ¶ 34), and robbing yet another drug dealer, where, predictably, gunfire ensued, resulting in Defendant getting shot and the dealer getting killed, (*id.* ¶¶ 36-39). Defendant had prior convictions for robbery, criminal sale of a controlled substance, and attempted assault and attempted criminal possession of a loaded firearm; had violated probation; and was on probation during the instant offense. (*Id.* ¶¶ 101-09.) Defendant lied in an affidavit in support of a motion to suppress, and lied on the stand at trial. As noted above, there indeed were mitigating factors, but they did not

and do not outweigh the aggravating ones. Perhaps there will come a time – much, much further down the line – when a history of good conduct and efforts at rehabilitation will weigh more heavily than they do now, but to reduce Defendant's sentence at this point would undermine several of the purposes of sentencing. It would not sufficiently address the seriousness of the offenses, including the loss of life Defendant inflicted and the harm he did to his community through his extensive drug dealing and repeated acts of violence. It would not be just punishment and would introduce unwarranted sentencing disparities. It would reduce the deterrent effect of the sentence and undermine respect for the law, particularly given Defendant's efforts to obstruct justice in his case. The § 3553(a) factors would counsel against a reduction even if extraordinary and compelling circumstances had been demonstrated.

For the reasons stated above, the motions are denied. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 244), and send a copy of this Order to Defendant Gregory Fuller, No. 85145-054, USP Hazelton, U.S. Penitentiary, P.O. Box 2000 Bruceton Mills, WV 26525.

**SO ORDERED.**

Dated: November 24, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.